IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SARAH GRACE MILTON, KATHERINE
A. STARKEY AND DANIEL BOOZE, AS
WRONGFUL DEATH BENEFICIARIES OF
WENDY DANSBY, AND ON BEHALF OF ALL
THE WRONGFUL DEATH BENEFICIARIES
OF WENDY DANSBY, DECEASED                           PLAINTIFFS

V.                                      CAUSE NO. 5:22-cv-58-DCB-RHWR

ROBERT LENOIR AND JOHN DOES 1-5 AND
JANE DOES 1-5                                       DEFENDANTS

<u>ORDER</u>

BEFORE THE COURT is Plaintiff's Motion for Attorney Fees
and Costs ("Motion"). [ECF No. 11]. The Court having examined
the Motion, the parties' submissions, the record, the applicable
legal authority, and being fully informed in the premises, finds
as follows:

I.   Procedural and Factual Background

On March 29, 2022, Plaintiffs filed this case in the
Circuit Court of Pike County, Mississippi, against Defendants
for the wrongful death of Wendy Dansby, their mother. [ECF No.
5] at 1. On July 15, 2022, Defendant Lenoir removed this case to
the U.S. District Court pursuant to 28 U.S.C. § 1441. *Id.* at 2.

Defendant, a resident of Louisiana, argued that Plaintiffs,
residents of Louisiana, were improper parties under the
Mississippi wrongful death statute and that the estate of Wendy

1

Dansby, who at the time of her death was a Mississippi resident, was the proper plaintiff. [ECF No. 1] at 2-3. Defendant claimed that there existed full diversity between the proper parties and that the U.S. District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

On August 11, 2022, Plaintiffs filed a Motion to Remand, arguing that Plaintiffs were the correct parties and that because both Plaintiffs and Defendant were citizens of Louisiana, that no diversity existed. [ECF No. 4] at 2. Plaintiffs and Defendant ultimately agreed that Defendant's Notice of Removal was rooted in Defendant's confusion regarding the distinctions between wrongful death and survival claims. [ECF No. 5] at 4-5; [ECF No. 13] at 2-3.

Once persuaded that his legal contentions supporting removal were incorrect, Defendant posed no opposition to remand. [ECF No. 8] at 1; [ECF No. 13] at 3. Accordingly, this Court granted remand of this action to Circuit Court of Pike County, Mississippi, on August 23, 2022. [ECF No. 9].

That same day, Plaintiffs submitted the instant Motion, arguing that they were forced to defend against a frivolous removal, which Defendant ultimately could not legally support, and that they had to prepare to respond to Defendant's Motion to Stay. [ECF No. 11] at 1. In that Motion to Stay, Defendant took

the position, counter to his Notice of Removal, that this Court did not have subject matter jurisdiction to hear this case. [ECF No. 6] at 2. Defendant argues that his removal was not frivolous, because it was based on a common confusion of law, and that attorney fees and costs are not warranted, because his refusal to oppose remand appropriately corrected his pleadings pursuant to F.R.C.P. Rule 11's safe harbor provision, and thus precluded sanctions. [ECF No. 13] at 1-3.

Plaintiffs' counsel submitted a detailed affidavit describing the work performed in responding to the Notice of Removal and the Motion to Stay and the fees and costs assessed for such. [ECF No. 11-1] at 1-2. Attorney fees totaled $4,970 and there were no assessments for costs. Id. Plaintiff's counsel billed 14.2 hours relating to proceedings upon removal at a rate of $350 per hour. Id.

The Court will analyze Plaintiffs' Motion in light of the current framework for awarding attorney fees and costs as articulated by the Fifth Circuit, 28 U.S.C. § 1447, and other applicable law.

II.  Standard

Courts have the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In general,

3

"courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

District courts retain jurisdiction to award attorney's fees after the case has been remanded to state court. <u>Coward v. AC & S, Inc.</u>, 91 F. App'x 919, 922 (5th Cir. 2004) ("[A] district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified".).

If the removing party "could conclude from th[e] case law that its position was not an unreasonable one," then it had an objectively reasonable basis for removal. <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 293 (5th Cir. 2000). In determining whether a defendant had objectively reasonable grounds for removal, a court must "evaluate the objective merits of removal at the time of removal." <u>Riverside Construction Co., Inc. v. Entergy Mississippi, Inc.</u>, 626 Fed. Appx. 443, 445 (5th Cir. 2015)(citing <u>Valdes</u>, 199 F.3d at 293). That an area of law is "confusing" does not make removal objectively reasonable, especially if precedent available at the time of removal clearly precluded removal. <u>Powers v. Cottrell, Inc.</u>, 728 F.3d 509, 517 (6th Cir. 2013).

III. Analysis

Defendant's arguments supporting removal muddled Mississippi law regarding wrongful death claims, which Defendant later acknowledged. [ECF No. 13] at 2-3. Defendant's confusion as to whether this case regarded wrongful death claims or survival claims is unfounded, considering that the Plaintiff's Complaint cited to the Mississippi Wrongful Death Statute, the Complaint never styled itself as a survival action, and it made no claim for damages on behalf of the estate of the deceased. [ECF No. 1-1]. This action is clearly a wrongful death action, and Defendant's confusion regarding such distinctions will not by itself make his removal objectively reasonable. Powers, 728 F.3d at 517.

Defendant based his claim for diversity jurisdiction on the theory that Plaintiffs were improper parties and that the estate of Wendy Dansby, who was domiciled in Mississippi at the time of her death, was the true party. [ECF No. 1] at 2-3. A discussion of the relevant Mississippi law is necessary.

The Mississippi Wrongful Death Statute, Miss. Code Ann. § 11-7-13, provides, in pertinent part:

> [A wrongful death action] for ... damages may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or

> by widow for the death of her husband, or by
> the husband for the death of the wife, or by
> the parent for the death of a child or unborn
> quick child, or in the name of a child, or in
> the name of a child for the death of a parent,
> or by a brother for the death of a sister, or
> by a sister for the death of a brother, or by
> a sister for the death of a sister, or a
> brother for the death of a brother, or all
> parties interested may join in the suit...

Miss. Code Ann. § 11-7-13.

Plaintiffs, the children of the deceased Wendy Dansby, are authorized to file such a case under this statute. Id.

Defendant's former contention that the deceased's domicile must be used to determine diversity invokes 28 U.S.C. § 1332(c)(2), which provides that the representative of the estate holds the same domicile as the decedent. District courts wrestled with the question of whether 1332(c)(2) applied to wrongful death actions. This Court answered that question in 1998, nearly 25 years ago.

In Webb v. Banquer, this District Court held that diversity of citizenship in wrongful death actions "should be determined based upon the domicile of the parties at the time suit is filed and not based upon the domicile of decedent at the time of her death." 19 F. Supp.2d 649, 652 (S.D. Miss. 1998)("[A] person bringing a wrongful death suit is not a 'legal representative of the estate of a decedent' under section 1332(c)(2) because the plaintiff is bringing suit on his or her own behalf and not on

6

behalf of the estate." (citing <u>Winn v. Panola-Harrison Elec.</u>
<u>Coop., Inc.</u>, 966 F.Supp. 481 (E.D.Tex.1997); <u>Tank v. Chronister</u>,
998 F.Supp. 1160 (D.Kan.1997) (reversing its earlier decision
holding to the contrary); <u>Marler v. Hiebert</u>, 960 F.Supp. 253
(D.Kan.1997)).

Specific beneficiaries authorized to file suit under the
wrongful death statute, who are not court appointed, are not
"legal representatives of the estate" within the definition of §
1332(c)(2). <u>Gagliardi v. Lakeland Surgical Clinic, PLLC</u>, No.
3:20CV504TSL-RPM, 2020 WL 5775154, at *4 (S.D. Miss. Sept. 28,
2020).

The relevant Mississippi statute and caselaw on the matter
clearly demonstrate both that (1) children are authorized to
file wrongful death claims for the death of a parent and (2) in
those cases, the domiciles of the children, not the deceased
parent, govern whether diversity jurisdiction exists.

Caselaw and statutes available at the time of removal
demonstrate that removal was unreasonable, devoid of objective
merit. <u>Valdes</u>, 199 F.3d at 293; <u>Riverside</u>, 626 Fed. Appx. At
445. Any claim of confusion is meritless when presented with the
clear, relevant law discussed <u>supra</u>. <u>Powers</u>, 728 F.3d at 517.

Defendant's decision to not oppose Plaintiffs' Motion to
Remand fails to mitigate the vexatious effects of prolonging

litigation to the extent that attorney fees would no longer be appropriate. Furthermore, Defendant's Rule 11 correction safe harbor argument is inapplicable, as this order shall be entered pursuant to 28 U.S.C. § 1447(c), not F.R.C.P. 11. <u>Miranti v. Lee</u>, 3 F.3d 925, 927 (5th Cir. 1993).

Defendant's removal of this case was objectively unreasonable. Reimbursement of attorney fees and costs is warranted. Additionally, Plaintiff's affidavit regarding attorney fees is reasonable and well-taken.

Plaintiff's counsel, Marc Boutwell, has practiced law for over 30 years, so a $350 per hour rate is reasonable. <u>Brown v. Miss. Dep't of Health</u>, 2013 WL 12128785, at *3 (S.D. Miss. 2013)(finding $200-$350 an appropriate rate for a partner in litigation matters); <u>Anderson v. City of McComb</u>, 2016 WL 4261777, at *3 (S.D. Miss. 2016)(finding that $375 is an appropriate hourly rate for an attorney with extensive experience in litigation, practicing for more than thirty years).

IV.  Conclusion

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees and Costs [ECF No. 11] is GRANTED.

IT IS FURTHER ORDERED that Defendant shall pay Plaintiffs Milton, Starkey, and Booze, the attorney fees requested, $4,970, that Plaintiff has incurred as a result of this removal.

SO ORDERED, this 26th day of September, 2022.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE